IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>  Plaintiff<br><br>  v.<br><br>[5] ELVIN TORRES-ESTRADA, aka "Muñecon", "Irvin'. "Irving",<br><br>  Defendant. | CRIMINAL NO. 11-45 (PG)<br><br>CRIMINAL NO. 09-173 (PG) |

**PRELIMINARY ORDER OF FORFEITURE**

**WHEREAS**, on April 15, 2010, [5] ELVIN TORRES-ESTRADA, aka "Muñecon", "Irvin", "Irving", was charged with conduct in violation of Title 21, United States Code, Sections 841(a)(1) and 860. All in violations of Title 21, United Stats Code, Section 846;

**AND WHEREAS**, the Second Superseding Indictment included a forfeiture allegation pursuant to Title 18, United States Code, Sections 982(a)(1), 982(a)(2) and Title 21, United States Code, Section 853;

**AND WHEREAS**, on March 21, 2011, defendant Torres-Estrada, pled guilty to Count One of the Second Superseding Indictment pursuant to a plea agreement;

**AND WHEREAS**, pursuant to Title 18, United States Code, Sections 982(a)(1), 982(a)(2) and Title 21, United States Code, Section 853 and Rule 11(c)(1)(B) of the Federal Rules of Criminal Procedure, defendant Torres-Estrada shall forfeit to the United States all interests in any drug related, money laundering-related, asset that the defendant currently owns, has previously owned or over which the defendant currently, or has in the past, exercised control, directly or indirectly, take all steps as requested by the United States to obtain from any other parties by any lawful means any

**Criminal No. 11-45 (PG)**  Page 2 of 4
**Criminal No. 09-173 (PG)**

records of assets owned at any time by the defendant and any property the defendant has transferred, as well as any property that is traceable to, derived from, fungible with, or a substitute for property that constitutes the proceeds of his offense, including but not limited to the following specific property:

    a).    $86,054.20 in UBS Account XXXXX38, seized through a protective order dated August 11, 2010.

    b.)    All items seized from defendant on the date of his arrest in June of 2007, including but not limited to, jewelry and watches.

**AND WHEREAS**, the United States has made a sufficient showing of the forfeitability of the property;

**AND WHEREAS**, by virtue of the Second Superseding Indictment and Plea Agreement, defendant Torres-Estrada shall forfeit to the United States his interest in the above mentioned property involved or used in furtherance of the commission of the offense enumerated in Count One of the Indictment in violation of Title 18, United States Code, Sections 982(a)(1), 982(a)(2) and Title 21, United States Code, Section 853, and Rule 32(d) of the Federal Rules of Criminal Procedure:

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED**

1.    That based upon the guilty plea by the defendant Torres-Estrada and the unopposed version of the facts, any and all of the defendant's rights and interests in the above described property, is hereby forfeited to the United States, pursuant to Title 18, United States Code, Sections 982(a)(1), 982(a)(2) and Title 21, United States Code, Section 853.

2.    It is further ORDERED that the United States is hereby authorized to seize the mentioned property for disposition in accordance with the law, subject to the provisions of Title 18,

**Criminal No. 11-45 (PG)**                                                                                          Page 3 of 4
**Criminal No. 09-173 (PG)**

United States Code, Sections 982(a)(1), 982(a)(2) and Title 21, United States Code, Section 853.

3.  The aforementioned forfeited property is to be held by the Federal Bureau of Investigation (FBI) and/or the United States Marshals Service in their secure custody and control.

4.  Upon the issuance of a Preliminary Order of Forfeiture and pursuant to Title 18, United States Code, Sections 982(a)(1), 982(a)(2) and Title 21, United States Code, Section 853, the United States shall publish on an official government internet site (www.forfeiture.gov), as required by Rule G(4)(a)(iv)(C) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, notice of this Order, notice of the Federal Bureau of Investigation (FBI) and /or the United States Marshals Service intents to dispose of the property in such manner as the Attorney General may direct and notice that any person, other than the defendant, having or claiming a legal interest in the property must file a petition with the Court and serve a copy on Maritza González, Assistant United States Attorney within thirty (30) days of the final publication f notice or of receipt of actual notice, whichever is earlier. This notice shall state if the petitioner is requesting a hearing to adjudicate the validity of the petitioner's alleged interest in the property, and the petition shall be signed by the petitioner under penalty of perjury; the petition shall also set forth the nature and extent of the petitioner's right, title or interest in the forfeited property and any additional facts supporting the petitioner's claim and the relief sought. The United States may also, to the extent practicable, provide direct written notice to any person known to have alleged an interest in the properties that is the subject of the Preliminary Order of Forfeiture, as a substitute for published notice as to those persons so notified.

5.  That upon adjudication of all third-party interests, this court will enter a Final Order

Criminal No. 11-45 (PG)                                              Page 4 of 4
Criminal No. 09-173 (PG)

of Forfeiture pursuant to Title 18, United States Code, Sections 982(a)(1), 982(a)(2) and Title 21, United States Code, Section 853, in which all interests will be addressed.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, _March 29,_ 2011.


_____
JUAN M. PÉREZ-GIMÉNEZ
UNITED STATES DISTRICT JUDGE